CHAVEZ & GERTLER LLP
Jonathan E. Gertler (Bar No. 111531)
Dan L. Gildor (Bar No. 223027)
42 Miller Avenue
Mill Valley, California 94941
Tel:    (415) 381-5599
Fax:    (415) 381-5572

ANDRUS ANDERSON LLP
Lori E. Andrus (Bar No. 205816)
155 Montgomery Street
San Francisco, CA 94104
Tel:    (415) 986-1400
Fax:    (415) 986-1474

Attorneys for Plaintiff SHAMEKA BOLTON
the Proposed Class and Subclass, and
the Aggrieved Employees

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAMEKA BOLTON, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>      vs.<br><br>U.S. Nursing Corp., and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No: C-12-04466 LB<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE § 17200,** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SHAMEKA BOLTON ("Plaintiff"), on behalf of herself, other aggrieved employees, and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. This is a class action brought pursuant to Code of Civil Procedure section 382 against Defendant U.S. Nursing Corporation ("U.S. Nursing"), a temporary services employer that contracts with health care facilities in California to supply health care providers to perform services for the client health care facilities during trade disputes, and DOES 1-50 (collectively "Defendants"). Plaintiff brings this class action on behalf of herself and all other U.S. Nursing employees that were placed to work in California health care facilities during labor disputes at any time during the four years preceding the filing of this action through such time as this action is pending (the "Class").

2. This is also a representative action brought pursuant to Labor Code section 2699 et. seq. against Defendants by Plaintiff, an aggrieved employee, on behalf all other U.S. Nursing employees that were placed to work in California hospitals during labor disputes since July 25, 2011 (the "Aggrieved Employees").

3. Plaintiff brings this lawsuit on behalf of the Class and the Aggrieved Employees (collectively, the "Replacement Staff") to challenge the unfair and unlawful practices in which Defendants have engaged with regard to paying the Replacement Staff all the wages they have earned and doing so in a timely manner. Plaintiff seeks restitution and compensation on behalf of herself and the Replacement Staff for unpaid wages, including meal and rest period premiums, overtime premiums, statutory and civil penalties, and interest. Plaintiff also seeks declaratory and injunctive relief. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Labor Code and Code of Civil Procedure section 1021.5.

## PARTIES

4. Plaintiff SHAMEKA BOLTON is an individual over the age of eighteen (18) and at all relevant times a resident of California. Plaintiff worked for U.S. Nursing at at least four health care facilities in California between January 2011 and the present.

5. Defendant U.S. Nursing Corporation is a Colorado corporation headquartered in Greenwood Village, Colorado that is authorized to do business in, and does business in, the State of California.

6. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1-50 and therefore sues these Defendants by fictitious names. Plaintiff will amend her complaint to state the true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged herein, and thereby proximately caused Plaintiff's injuries alleged herein.

7. Plaintiff is informed and believes and on that basis alleges that each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and proximately caused damage and injury thereby to Plaintiff and members of the Class as alleged herein.

8. At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over Plaintiff's and the Replacement Staff's claims for unpaid wages because Plaintiff is a resident of California, and Defendant U.S. Nursing is qualified to do business, and regularly conducts business, in California, and because the violations of law alleged herein occurred in Alameda County and throughout the State of California. On August 24, 2012, Defendant U.S. Nursing Corporation removed this case from the Alameda County Superior Court. On October 23, 2012, the Court denied Plaintiff's motion to remand.

10. Venue is proper in this Court because it was removed from the Alameda County Superior Court and because the acts and omissions alleged herein took place in this district and Plaintiff was employed by Defendants in this district.

3
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

11. U.S. Nursing is a temporary services employer that provides Replacement Staff to their healthcare provider clients during labor disputes, including strikes. U.S. Nursing is contracted by health care providers to recruit and employ staff for assignments that range from one day to several weeks.

12. Replacement Staff are recruited from across the country. When assigned to work at health care facilities in California during a labor dispute, Replacement Staff such as Plaintiff are put up at a hotel near the facility at which they will be working. At the start of each day, they are required to assemble in the hotel lobby in order to be collectively transported by bus to the health care facilities. Thereafter, the Replacement Staff work 12-hour shifts. At the conclusion of the shifts, the Replacement Staff are required to reassemble at a meeting point in the health care facilities in order to get back on the bus in order to be collectively transported back to the hotel.

13. From time to time, patient care and safety requires that the Replacement Staff work through meal periods. The Replacement Staff are required to mark on their timesheets that they have taken a 30-minute meal period. Despite Defendants knowledge that Replacement Staff are not always provided meal periods for each shift, Defendants automatically deduct 30 minutes, purportedly to reflect a lawful meal period, from the recorded length of the shift if no meal period is marked on the timesheet.

14. For this work, the Replacement Staff are paid on a weekly basis, not receiving their wages for the week worked until the following week, at the earliest. For example, Plaintiff worked a strike in May 2012 that ended on May 5 but was only paid for that work on or about May 15.

**CLASS ACTION ALLEGATIONS**

15. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to California Code of Civil Procedure section 382 for violations of California's Labor Code and Business & Professions Code section 17200, *et seq.* Plaintiff seeks to represent the following Class of employees, defined as follows:

> All present and former U.S. Nursing employees who were placed to work in California health care facilities on a temporary basis during labor disputes at any time during the four years preceding the filing of this action through such time as this action is pending.

16. Plaintiff also seeks to represent a subclass of the Class who had a 30-minute meal period automatically deducted from their time records (the "Subclass").

17. U.S. Nursing has placed Replacement Staff in at least 10 health care facilities during the relevant time period, accounting for more than 3,000 individuals. Accordingly, the members of this Class (and Subclass) are so numerous that joinder of all members would be impracticable. The disposition of their claims through this class action will benefit both the parties and the Court. The exact number and identity of the proposed Class and Subclass members are readily ascertainable through inspection of Defendants' records.

18. Common questions of law and fact exist as to members of the Class and Subclass that include, but are not limited to, the following:

   (a) Whether Defendants compensated Plaintiff and members of the Class and Subclass for all hours worked;

   (b) Whether Defendants provided Plaintiff and members of the Subclass meal and rest periods as required by California law or otherwise provided them with premium wages;

   (c) Whether Defendants failed to pay Plaintiff and members of the Class all wages due on a daily basis;

   (d) Whether Defendants provided Plaintiff and members of the Class accurate wage statements showing all hours worked;

   (e) Whether Defendants engaged in unfair competition proscribed by the Business and Professions Code by engaging in the conduct described hereinabove as to members of the Class and Subclass;

   (f) The scope and type of injunctive relief necessary to prevent the wage and hour violations described herein;

    (g)  The measure of restitution and damages to compensate Plaintiff and members of the Class and Subclass for the violations alleged herein;

19. Plaintiff's claims are typical of the claims of the Class and Subclass that Plaintiff seeks to represent. Plaintiff and members of the Class and Subclass were not properly paid for all hours worked as required by California law. Defendants' common course of conduct with respect to Plaintiff and members of the Class and Subclass has caused Plaintiff and members of the Class and Subclass to sustain the same or similar injuries and damages.

20. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and Subclass. Plaintiff is a member of the Class and Subclass and does not have any conflict of interest with other Class members. Plaintiff has retained and is represented by competent counsel who are experienced in complex class action litigation, including wage and hour class actions such as the present action.

21. The nature of this action and California law make a class action the superior and appropriate procedure to afford relief for the wrongs alleged herein.

## REPRESENTATIVE ACTION ALLEGATIONS

22. Plaintiff is an aggrieved employee. She was employed by Defendant U.S. Nursing during which time Defendants committed against her one or more of the violations alleged below.

23. Notice of the alleged violations was provided to the Labor Workforce and Development Agency ("LWDA") on July 25, 2012. The LWDA did not respond within the timeframe for such a response set out in Labor Code section 2699.3, subdivision (a)(2).

## FIRST CAUSE OF ACTION
### Failure to Pay Wages Due: Transit Time
**(On behalf of the Class and the Aggrieved Employees against All Defendants)**

24. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

25. Under California law, employers must compensate employees for all "hours worked." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324 ["California's labor statutes reflect a strong public policy in favor of full payment of wages for all hours worked."]; *e.g.*, Wage

1  Order 5-2001, Cal. Code Regs., tit. 8, § 11050(4)(B) ["Every employer shall pay to each
2  employee . . . not less than the applicable minimum wage for all hours worked"].)
3      26.     For employees in the health care industry such as the Replacement Staff, "hours
4  worked" means "the time during which an employee is suffered or permitted to work for the
5  employer, whether or not required to do so, as interpreted in accordance with the provisions of the
6  Fair Labor Standards Act." (Wage Order 5-2001, Cal. Code Regs., tit. 8, § 11050 (2)(K).)  Under
7  the Fair Labor Standards Act, time spent traveling to and from the actual place of performance of
8  the principal activity or activities for which the employee is employed to perform, which is
9  preliminary or postliminary to such principal activities, is not compensable. (29 U.S.C. § 254,
10 subd. (a).) However, activities that are integral and indispensable to a principal activities are
11 themselves principal activities. (*IBP, Inc. v. Alvarez* (2005) 546 U.S. 21, 37.)
12     27.     At all relevant times, Defendants have required and mandated that the
13 Replacement Staff take a bus to and from the hotel at which Defendants housed the Replacement
14 Staff and the health care facilities to which they were assigned to work. On information and
15 belief, Defendants require staff to report for collective transportation because Defendants'
16 business is enhanced by controlling or diminishing any adverse reactions to the presence of the
17 Replacement Staff, which it does by controlling the entrance and exit of the Replacement Staff
18 from the health care facilities at which they are placed. Furthermore, Defendants' requirement
19 that the Replacement Staff use company-provided transportation ensures that the Replacement
20 Staff are not waylaid by picket lines or other means intended to block access by the Replacement
21 Staff to the health care facilities. Plaintiff and the Replacement Staff rode the busses at
22 Defendants' behest for Defendants' benefit, otherwise the Replacement Staff would not be able to
23 reliably get to the health care facilities through the picket lines. As such, riding the bus is integral
24 and indispensable to the job of a Replacement Staff and is itself a principal activity that is
25 compensable under the Fair Labor Standards Act.
26     28.     At all relevant times, Defendants have not compensated the Replacement Staff for
27 the time spent being driven to and from the health care facilities. Defendants have deprived the
28 Replacement Staff of their rightfully earned wages as a direct and proximate result of Defendants'

policies and failure and refusal to pay for all hours worked.  The Replacement Staff are therefore entitled to recover such amounts, plus interest, attorneys' fees and costs, as well as civil penalties, pursuant to Labor Code sections 1194, 558, and 2699, subdivision (f).

**SECOND CAUSE OF ACTION**
**Failure to Pay Wages Due: Missed Meal Periods**
**(On behalf of the Subclass and Certain Aggrieved Employees against All Defendants)**

29.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

30.     Under California law, employers must compensate employees for all "hours worked." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324 ["California's labor statutes reflect a strong public policy in favor of full payment of wages for all hours worked."]; *e.g.*, Wage Order 5-2001, Cal. Code Regs., tit. 8, § 11050(4)(B) ["Every employer shall pay to each employee . . . not less than the applicable minimum wage for all hours worked"].)

31.     At all relevant times, Defendants implemented a policy wherein 30 minutes was automatically deducted from the time worked in a shift if the Replacement Staff did not indicate that they took a 30-minute meal period on their timesheet.

32.     From time to time, patient care needs and safety forced members of the Subclass and certain Aggrieved Employees to work through their meal period.  Pursuant to Defendants' policy, 30 minutes was automatically deducted from these employees' recorded time that shift even though they had actually worked throughout their entire shift, including the 30-minute meal period that they were supposed to get.

33.     At all relevant times, Defendants have failed to pay members of the Subclass and certain Aggrieved Employees for the time they spent working during their meal periods because of patient care needs and safety, or for any other reason.  By virtue of the automatic deduction, Defendants have deprived members of the Subclass their rightfully earned wages as a direct and proximate result of Defendants' policies.  Members of the Subclass and certain Aggrieved Employees are entitled to recover such unpaid wages, plus interest, and attorneys' fees and costs, as well as civil penalties, pursuant to Labor Code sections 1194, 558, and 2699, subdivision (f).

8
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods**
**(On behalf of the Subclass Certain Aggrieved Employees against All Defendants)**

34. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

35. In California, an employer is required to provide employees with a 30-minute meal period for any shift less than eight hours and two meal periods for any shift between 8 and 12 hours long. In the health care industry, an employee can waive his or her right to one of those meal periods. (Cal. Code Regs., tit. 8, § 11050(11)(D).) Plaintiff and members of the Subclass worked 12-hour shifts, not including the time they were required to spend on Defendants' transportation. At the very least, then, Defendants were to provide members of the Subclass and certain Aggrieved Employees with one 30-minute meal period each shift.

36. An employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute break, and does not impede or discourage them from doing so. (*Brinker Restaurant Corp. v. Super. Ct.* (2012) 53 Cal.4th 1004 [139 Cal.Rptr.3d 315, 343, 273 P.3d 513, 536-37].)

37. From time to time, patient care and safety have dictated that members of the Subclass and certain Aggrieved Employees work through their 30-minute meal periods. At these times, Defendants did not relieve the Replacement Staff of all duty but rather impeded or discouraged them from ceasing to work during the meal periods.

38. By virtue of this failure to relieve members of the Subclass and certain Aggrieved Employees of all duty, Defendants have failed to provide these Replacement Staff proper meal periods, entitling them to the premium wage specified in Labor Code 226.7 and Cal. Code Regs., tit. 8, § 11050(11)(B), as well as civil penalties pursuant to Labor Code section 558 and 2699, subdivision (f).

///

///

///

**FOURTH CAUSE OF ACTION**
**Failure to Keep Accurate Records**
**(On behalf of the Aggrieved Employees against All Defendants)**

39. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein, and further alleges as follows:

40. California Labor Code section 1174 imposes a requirement on all employers to "[k]eep payroll records showing the hours worked daily."

41. Wage Order 5-2001 further imposes a requirement on all employers to "keep accurate information with respect to each employee," including "[t]ime records showing when the employee begins and ends each work period" as well as "[m]eal periods . . . and total daily hours worked."  (Cal. Code Regs., tit. 8, § 11050(7)(A)(3).)

42. At all relevant times, Defendants implemented a policy that automatically deducts a half hour from an aggrieved employee's time if a 30-minute meal period is not indicated on the employee's timesheet, regardless of whether or not the employee actually worked during the meal period.  Moreover, Defendants never recorded any of the time that the Replacement Nurses spent on the bus being transported to and from their hotel and the hospital at which they worked.

43. By virtue of the automated nature of the deduction, Defendants have failed to maintain accurate records of the time worked and the meal periods taken.  Furthermore, by virtue of the failure to record the time on the bus, Defendants have failed to maintain accurate records of the total daily hours worked.

44. The aggrieved employees, therefore, are entitled to the civil penalties set out in Labor Code section 1174.5.

**FIFTH CAUSE OF ACTION**
**Failure to Timely Pay Wages**
**(On behalf of the Class and the Aggrieved Employees against All Defendants)**

45. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein, and further alleges as follows:

46. Labor Code section 201.3, subdivision (b)(3) states that "[i]f an employee of a temporary services employer is assigned to work for a client engaged in a trade dispute, that

1  employee's wages are due and payable at the end of each day, regardless of when the assignment
2  ends."

3    47. During all relevant times, U.S. Nursing has been a temporary services employer as
4  that term is defined in Labor Code section 201.3, subdivision (a)(1), that has employed members
5  of the Class and assigned them to work for clients engaged in trade disputes.

6    48. During all relevant times, U.S. Nursing's standard pay period has been Sunday to
7  Saturday with the exception of post-strike assignments.  At no time did U.S. Nursing pay any
8  members of the Class at the end of each day worked.  U.S. Nursing actually only paid the
9  Replacement Staff their first paycheck the next Friday following the week worked at the earliest.

10    49. By willfully failing to pay members of the Class their wages on a daily basis,
11  Defendants have violated Labor Code section 201.3, subdivision (b)(3), entitling Plaintiff and
12  members of the Class to the statutory penalties set out in Labor Code section 203.

13    50. By failing to pay the Aggrieved Employees their wages on a daily basis,
14  Defendants have violated Labor Code section 201.3, subdivision (b)(3), entitling Plaintiff and the
15  other Aggrieved Employees to the civil penalties set out in Labor Code section 210.

16 
**SIXTH CAUSE OF ACTION**
**Failure to Provide Accurate Wage Statements**
17  **(On behalf of the Class, the Subclass, and the Aggrieved Employees against All Defendants)**

18    51. Plaintiff re-alleges and incorporates by reference the allegations contained in the
19  preceding paragraphs as though fully set forth herein, and further alleges as follows:

20    52. Labor Code section 226 requires that Defendants provide the Replacement Staff
21  timely and accurate statements showing, *inter alia*, gross wages earned and total hours worked, all
22  applicable hourly rates in effect during the pay period, and the corresponding number of hours
23  worked at each hourly rate by the employee.

24    53. The Division of Labor Standards and Enforcement ("DLSE") has stated that "[t]he
25  purpose of the wage statement requirement is to provide transparency as to the calculation of
26  wages."  (DLSE, Opinion Letter (July 6, 2006), p. 2.)  Accordingly, "a complying wage statement
27  accurately reports most of the information necessary for an employee to verify if he or she is
28  being properly paid in accordance with the law and that deductions from wages are proper."

54. During the Class Period, the wage statements for the Replacement Staff have not included all the time they spent working, including the time that they were being transported by bus as well as any meal period time that was automatically deducted.

55. At all relevant times, however, Defendants knew or should have known that the Replacement Staff were entitled to accurate and complete wage statements and that the Replacement Staff were working more hours than reflected on their wage statements.  Defendants also knew or should have known that they were denying members of the Subclass and certain Aggrieved Employees meal periods and/or automatically deducting 30 minutes each shift. Despite this, Defendants did not supply the Replacement Staff with complete and accurate wage statements showing all hours worked, the corresponding hourly rate, and all wages earned.

56. Members of the Class and Subclass have been injured by Defendants' failure to include all wages earned on each wage statement because members of the Class and Subclass were not able to verify that they were paid the proper amount, and because in order to determine whether they were paid correctly, members of the Class and Subclass had to conduct mathematical calculations.  The need to conduct such calculations is contrary to the requirements of Labor Code section 226, subdivision (e).

57. As a consequence of Defendants' actions, members of the Class and Subclass have been injured and are entitled to all available statutory penalties, costs and reasonable attorneys' fees, including those provided in Labor Code section 226, subdivision (e).  Plaintiff also seeks an injunction pursuant to Labor Code section 226, subdivision (g), to ensure compliance with the requirements of section 226 and to enjoin Defendants' unlawful conduct.

58. As a consequence of Defendants' actions, and the provision of inaccurate wage statements, the Aggrieved Employees are entitled to civil penalties pursuant to Labor Code section 2699, subdivision (f).

**SEVENTH CAUSE OF ACTION**
**Unfair Competition**
**(On behalf of the Class and Subclass against All Defendants)**

59. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein, and further alleges as follows:

1      60.     The Unfair Competition Law ("UCL"), California Business & Professions Code
2  section 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair or
3  fraudulent business acts or practices.  The UCL provides that a Court may enjoin acts of unfair
4  competition, and order restitution to affected members of the public.

5      61.     Beginning at an exact date unknown to Plaintiff, but at least since four years prior
6  to the filing of this suit, Defendants have committed acts of unfair competition as defined by the
7  UCL, by engaging in the unlawful, unfair and fraudulent business practices and acts described in
8  this Complaint, including, but not limited to:

    (a)    Failing to maintain accurate records showing daily hours worked and wages paid, in violation of Labor Code section 1174, subdivision (d) and Wage Order 5-2001, Cal. Code Regs., tit. 8, § 11050, subdivision (7), which imposes a requirement on all employers to "keep accurate information with respect to each employee," including "[t]ime records showing when the employee begins and ends each work period" as well as "total daily hours worked."

    (b)    Failing to pay all wages, including overtime premiums to Plaintiff and members of the Class and Subclass who were duly owed them for all time worked, in violation of California Labor Code section 1194 and Wage Order 5-2001;

    (c)    Systematically deducting 30 minutes of time from Subclass members' time records if they did not otherwise indicate a 30-minute meal period on their timesheet;

    (d)    Failing to provide Plaintiff and members of the Subclass meal periods during which they were relieved of all duty, in violation of Labor Code sections 226.7 and 512, and Wage Order 5-2001;

    (e)    Failing to provide Plaintiff and members of the Class and Subclass with accurate wage statements showing all hours worked, the corresponding

        hourly rate, and wages earned, in violation of California Labor Code section 226; and

    (f)    Failing to timely pay members of the Class in accordance with Labor Code section 201.3, subdivision (b)(3).

62. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code section 17200, *et seq*.

63. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code section 17200 *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

64. Business and Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above. If Defendants are not enjoined from this conduct, they will continue to engage in these unlawful practices. Monetary compensation alone will not afford adequate and complete relief to Plaintiff and members of the Class and Subclass because it is impossible to determine the amount of damages that will compensate for Defendants' actions in the future if such actions are not enjoined now. Thus, without injunctive relief, a multiplicity of actions will result from Defendants' continuing conduct.

65. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and members of the Class and Subclass have suffered a loss of money and property, in the form of unpaid wages that are due and payable to them.

66. Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such

14
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1  unfair competition.  Plaintiff and members of the Class and Subclass are entitled to restitution
2  pursuant to Business and Professions Code section 17203 for all wages and payments unlawfully
3  withheld from employees during the four-year period prior to the filing of this complaint.

4      67.    Business and Professions Code section 17202 provides: "Notwithstanding Section
5  3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty,
6  forfeiture, or penal law in a case of unfair competition."  Plaintiff and members of the Class and
7  Subclass are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to
8  Business and Professions Code section 17202.

9      68.    Plaintiff requests that the Court issue a preliminary and permanent injunction
10 requiring Defendants to advise all class members of their rights pursuant to the California Labor
11 Code and Wage Order 5-2001, and to provide Plaintiff and members of the Class and Subclass all
12 applicable benefits afforded by California's Labor Code and Wage Order 5-2001, including but
13 not limited to (a) payment of all wages earned for all hours worked; (b) payment of all premium
14 wages earned for improper meal periods; (c) provision of accurate wage statements; and (d)
15 timely paying wages.

16     69.    Plaintiff's success in this action will enforce important rights affecting the public
17 interest and in that regard Plaintiff sues on behalf of herself as well as others similarly situated.
18 Plaintiff and members of the Class and Subclass seek and are entitled to unpaid wages,
19 declaratory and injunctive relief, and all other equitable remedies owing to them.

20     70.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims.
21 There is a financial burden involved in pursuing this action, the action is seeking to vindicate a
22 public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to
23 pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to
24 Code of Civil Procedure section 1021.5 and otherwise.

**EIGHTH CAUSE OF ACTION**
**Declaratory Relief**
**(On behalf of the Class and Subclass against All Defendants)**

27     71.    Plaintiff re-alleges and incorporates by reference the allegations contained in the
28 preceding paragraphs as though fully set forth herein, and further alleges as follows:

72. An actual controversy has arisen between Plaintiff and members of the Class and Subclass, on the one hand, and Defendants, on the other hand, as to their respective rights, remedies and obligations. Specifically, Plaintiff contends and Defendants deny, that:

    (a) Defendants failed and continue to fail to pay wages, including overtime wages, to Plaintiff and members of the Class and Subclass that were duly owed them for all time worked;

    (b) Defendants failed and continue to fail to pay wages, including premium wages, to Plaintiff and members of the Subclass that were duly owed them Defendants' failure to provide them proper meal periods;

    (c) Defendants failed and continue to fail to provide Plaintiff and members of the Class and Subclass accurate wage and hour statements showing all hours worked, the corresponding hourly rate, and wages earned; and

    (d) Defendants failed and continue to fail to timely pay members of the Class in accordance with Labor Code section 201.3, subdivision (b)(3).

73. Plaintiff further alleges that members of the Class and Subclass are entitled to recover earned wages, liquidated damages, and penalties as alleged herein.

74. Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. For declaratory relief as pled or as the Court may deem proper;

2. For preliminary, permanent and mandatory injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

3. For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

4. For an order awarding Plaintiff and the Class compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money

|   |   |   |
|---|---|---|
| 1 |  | owed to Plaintiff and Class Members, together with interest on these amounts, |
| 2 |  | according to proof; |
| 3 | 5. | For an assessment of civil penalties as appropriate; |
| 4 | 6. | For an award of reasonable attorneys' fees as provided by applicable law; |
| 5 | 7. | For all costs of suit; and |
| 6 | 8. | For such other and further relief as this Court deems just and proper. |

Respectfully submitted,

Dated:  November 30, 2012

CHAVEZ & GERTLER LLP

ANDRUS ANDERSON LLP

By: _____
    Jonathan E. Gertler

Attorneys for Plaintiff Shameka Bolton and the Proposed Class and Subclass, and the Aggrieved Employee