1 | CHAVEZ & GERTLER LLP
Jonathan E. Gertler (Bar No. 111531)
2 | Dan L. Gildor (Bar No. 223027)
42 Miller Avenue
3 | Mill Valley, California 94941
Tel:    (415) 381-5599
4 | Fax:   (415) 381-5572

5 | ANDRUS ANDERSON LLP
Lori E. Andrus (Bar No. 205816)
6 | 155 Montgomery Street
San Francisco, CA 94104
7 | Tel:   (415) 986-1400
Fax:   (415) 986-1474
8
Attorneys for Plaintiff SHAMEKA BOLTON
9 | the Proposed Class and Subclass

10

PAUL HASTINGS LLP
11 | Thomas E. Geidt (Bar No. 080955)
Paul W. Cane, Jr. (Bar No. 100458)
12 | Jeffrey P. Michalowski (Bar No. 248073)
Chase W. Ensign (Bar No. 275035)
13 | 55 Second Street, 24th Floor
San Francisco, CA 94105-3441
14 | Tel.:  (415) 856-7000
Fax:   (415) 856-7100
15
Attorneys for Defendant U.S. NURSING CORP.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAMEKA BOLTON, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>     vs.<br><br>U.S. Nursing Corp., and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No: C 12-04466 LB<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

1.     Discovery in this litigation may involve production of personal, private information, corporate trade secrets or other confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled to protection as described herein.  The parties further acknowledge, as set forth in Section 12, *infra*, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## DEFINITION OF "CONFIDENTIAL" INFORMATION

2.     For the purposes of this Order, "Confidential Information" means

    (a)     Information that constitutes a "trade secret" in accordance with the Uniform Trade Secrets Act, meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that:

        i.     Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

        ii.    Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

    (b)     Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing party; and

    (c)     Information subject to federal or state privacy rights, including private consumer information.

## DESIGNATING PROTECTED MATERIAL

3.     Each party or non-party that designates information or items for protection under this Order ("Designating Party") must take care to limit any such designation to information that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.

4. If documents being produced or written discovery responses being served contain Confidential Information, counsel for the Designating Party may identify such information or documents as Confidential Information by placing or affixing on the first page of the material and on each page of the material, in a manner that will not interfere with the material's legibility, the word "Confidential."

**DEPOSITION TESTIMONY**

5. If Confidential Information is used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy discloses Confidential Information, counsel for the Designating Party may identify such information or documents as Confidential Information by informing the court reporter and counsel for the other parties of the claim of confidentiality either contemporaneously on the record during the deposition or in writing within 30 days after having received a copy of the deposition transcript.  Transcript pages designated as containing Confidential Information must be identified by the court reporter by affixing to the top or bottom of each such page the legend "Confidential," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.  All transcript pages and testimony designated as Confidential shall be treated as Confidential Information, pursuant to the terms of this Order, except as otherwise agreed in writing by each party claiming confidentiality or as otherwise ordered by the Court.

**ACCESS AND USE OF CONFIDENTIAL INFORMATION**

6. Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, to anyone for any purpose whatsoever, other than as reasonably necessary by the parties and their counsel for the preparation and trial of this action.  Access to Confidential Information shall be limited to those persons designated below as "Qualified Persons":

    (a) the parties and their officers, directors, employees, and agents;

    (b) counsel of record for the parties and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

      (c)    the Court and the Court's employees and staff in this case, in accordance with the procedures regarding filing under seal as described herein and as set forth in Northern District of California Civil Local Rule 79-5;

      (d)    employees of outside copying, printing, binding, litigation support, mediators or computer input services;

      (e)    experts and consultants retained by the parties whose assistance is necessary for the litigation of this action, provided that, before disclosing any Confidential Information to any such person, counsel of record for the party intending to make that disclosure shall obtain from the expert or consultant a written statement, in the form of Exhibit A attached hereto, which statement shall be retained by counsel of record for the party making the disclosure;

      (f)    any person who is an author, addressee or intended recipient of a document containing Confidential Information, or who is identified in the document as the original source of the Confidential Information;

      (g)    deposition witnesses;

      (h)    potential lay witnesses reasonably necessary for the litigation of this matter, provided that, before disclosing any Confidential Information to any such person, counsel of record for the party intending to make that disclosure shall obtain from the expert or consultant a written statement, in the form of Exhibit A attached hereto, which statement shall be retained by counsel of record for the party making the disclosure;

      (i)    any other person as to whom the party that designated the document or information as "Confidential" has consented to disclosure in advance; and

      (j)    by Order of the Court.

7.    Prior to disclosure of any material designated "Confidential" to any person described in paragraph 6 subsection (e) or (i), *supra*, such person shall be given a copy of this Stipulated Protective Order, and shall agree in writing, in the form attached hereto as Exhibit A,

1   to be bound by the terms of this Order and to be subject to the jurisdiction of this Court for the
2   purposes of any proceeding relating to the performance under, compliance with, or violation of
3   this Order.  Counsel for each party shall maintain a list of all Qualified Persons to whom they or
4   their client have provided any Confidential Information, and that list shall be available for
5   inspection by the Court.  In addition, each of the parties and their attorneys expressly stipulates to
6   be subject to the personal jurisdiction of this Court for purposes of any proceeding brought by a
7   party to this action to enforce this Order.
8         8.      Except to the extent otherwise permitted by this Order, every Qualified Person
9   provided copies of or access to Confidential Information pursuant to this Order shall keep all such
10  materials and information, and any copies, notes, extracts, summaries, or descriptions of such
11  material, within their exclusive possession and control, shall treat all such copies, notes, extracts,
12  summaries, or descriptions of the Confidential Information or any portion thereof as Confidential,
13  shall take all necessary and prudent measures to maintain the confidentiality of all such materials
14  or information, and shall not disseminate such Confidential Information.
15        9.      If any counsel of record distributes copies of material containing Confidential
16  Information to one or more Qualified Persons, all such materials, and all copies, notes, extracts,
17  summaries, or descriptions of such material, shall be returned to that counsel of record or
18  destroyed at the completion of the Qualified Person's consultation or representation in this case.
19  Counsel of record shall, upon request by opposing counsel or the Court, execute an affidavit
20  stating that to the best of counsel's knowledge all materials containing Confidential Information,
21  and all copies, notes, extracts, summaries, or descriptions of any such material, have been
22  returned or destroyed as required.  If any counsel of record distributes copies of material
23  containing Confidential Information to one or more Qualified Persons, all such materials, and all
24  copies, notes, extracts, summaries, or descriptions of such material, shall be either destroyed or
25  returned to that counsel of record at the completion of the Qualified Person's consultation or
26  representation in this case.  If a Qualified Person destroys such material, rather than returning it to
27  that counsel of record, the Qualified Person shall promptly provide to that counsel of record an
28  affidavit stating that all materials containing Confidential Information, and all copies, notes,

1  extracts, summaries, or descriptions of any such material, have been destroyed.  That counsel of
2  record shall, upon request by opposing counsel or the Court, provide to opposing counsel (a) an
3  affidavit stating that all materials containing Confidential Information, and all copies, notes,
4  extracts, summaries, or descriptions of any such material, have, to the best of that counsel of
5  record's knowledge, been returned or destroyed as required, and (b) all affidavits of Qualified
6  Persons who provided that counsel of record with affidavits pursuant to the provisions of this
7  paragraph.

8      10.    Nothing in this Order shall prevent a party from using at trial or hearing or during
9  a deposition, or in connection with briefs or other papers filed with the Court, any Confidential
10  Information.  Absent an order by the Court, such use shall not expand the persons to whom such
11  documents or information may be disclosed pursuant to this Order.

12      11.    Prior to the use of Confidential Information at trial or a hearing, the parties will
13  discuss with the Court appropriate procedures for the use of Confidential Information.

14  **FILING CONFIDENTIAL INFORMATION**

15      12.    If a party wishes to file with the Court a document designated as "Confidential", or
16  if a party wishes to refer to information in any papers filed with the Court that has been
17  designated as "Confidential," the party submitting the materials shall proceed as follows:

18      (a)    If the filing party is the Designating Party and is seeking to have all or a
19          portion of the record containing such information sealed, the party shall
20          comply with all of the requirements of Civil L.R. 79-5(b) or (c), as
21          applicable;

22      (b)    If the filing party is not the Designating Party and is not seeking to have the
23          record containing such information sealed, the party shall comply with all
24          of the requirements of Civil L.R. 79-5(d).  Any affected party or non-party
25          who wishes to have the document sealed may then follow the appropriate
26          procedures set forth in Civil Local Rule 79-5.

27
28

**DURATION AND FINAL DISPOSITION**

13. Promptly after the termination of this action by entry of a final judgment or order of dismissal, all materials containing Confidential Information shall be returned to counsel for the party who produced those materials or shall be destroyed. Notwithstanding this provision, counsel of record may retain one copy of each deposition transcript designated as Confidential, as well as an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain materials designated Confidential. Any such archival copies that contain or constitute Confidential Information Protected Material remain subject to this Protective Order. If material containing Confidential Information is destroyed, rather than returned, counsel of record shall promptly provide to opposing counsel of record written confirmation that materials containing such Confidential Information have been destroyed consistent with this Order.

14. After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by the California Rules of Professional Conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

15. This Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the parties have control.

**RIGHT TO ASSERT OTHER OBJECTIONS**

16. This Order does not constitute a waiver or limitation of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential research, development, or commercial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation. By producing documents for review and inspection, the parties do not waive any objections to

1 relevance for summary judgment or other purposes or to the admissibility at trial of any such
2 document or of any information contained in any such document.
3     17.    This Order does not constitute a waiver or limitation of any party's right to
4 withhold or redact information protected from disclosure by the attorney-client privilege or other
5 applicable privilege, including the work-product doctrine, or any other protection, law, or
6 regulation, or to seek appropriate protective orders respecting documents asserted to be subject to
7 any such privilege, doctrine, protection, law, or regulation.
8     18.    The entry of this Order shall be without prejudice to the rights of the parties, or any
9 one of them, or of any non-party, to assert or apply for additional or different protection.
10    19.    Nothing in this Order shall limit any party's right to disclose to any person, or use
11 for any purpose, its own information and documents.

## INADVERTENT FAILURES TO DESIGNATE

13    20.    If a party inadvertently produces Confidential Information without the required
14 "Confidential" legend, the producing party shall, within five (5) business days of discovering the
15 inadvertent omission, inform the receiving party in writing of the inadvertent omission and the
16 specific material at issue.  Upon receipt of such notice, the receiving party shall treat the material
17 identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of
18 the subject material, or (b) the Court, on motion of either party made within ten (10) days of the
19 date of the written notice regarding inadvertent omission, issues an order addressing the
20 appropriate treatment of the subject material.  A party shall not be deemed to have waived any
21 right to designate material as "Confidential" by allowing inspection of such material prior to a
22 designation of such material as "Confidential" or by inadvertently failing to mark a document as
23 "Confidential" prior to its disclosure.

## CHALLENGING DESIGNATIONS

25    21.    If a party contends that any document has been erroneously or improperly
26 designated Confidential, it shall nevertheless treat the document as Confidential until either
27 (a) that party obtains from the designating party written permission to do otherwise, or (b) this
28 Court enters an order stating that the document shall not be treated as Confidential Information.

-8-
[PROPOSED] STIPULATED PROTECTIVE ORDER

22. A party may challenge the designation of a document or other material as Confidential as follows:

    (a) If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge. During the 10-day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

    (b) If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the designating party shall have 20 days from the receipt of the written challenge notice to apply to the Court for an order designating the material as Confidential. The designating party bears the burden of establishing that the material is entitled to protection as Confidential Information. Any material that is designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the designating party's motion or, if no motion is made, until the time for the designating party to bring a motion has expired.

**IT IS SO STIPULATED.**

Dated:  January 07, 2013　　　　　　　　　　CHAVEZ & GERTLER LLP

　　　　　　　　　　　　　　　　　　　　　　ANDRUS ANDERSON LLP

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Dan L. Gildor*
　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　　　Dan L. Gildor

　　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff and the Proposed Class

1 | Dated: January 07, 2013                          PAUL HASTINGS LLP

                                                              /s/ *Thomas E. Geidt*
                                                       By:_____
                                                              Thomas E. Geidt

                                                       Counsel for Defendant

**IT IS SO ORDERED.**

DATED: __January 7, 2013__                  _____
                                                       THE HONORABLE LAUREL BEELER

[EXHIBIT A]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAMEKA BOLTON, individually and on behalf of all others similarly situated, | ) ) ) | Case No:  C 12-04466 LB |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| U.S. Nursing Corp., and DOES 1 through 50, inclusive, | ) ) ) ) | |
| Defendants. | ) | |

I, _____, declare and agree as follows:

1. My address is _____ .

2. My present employer is _____ .

3. I acknowledge that I may receive information or material, or both, designated as "CONFIDENTIAL" in accordance with the Protective Order ("Order") regarding treatment of Confidential Information entered by the Court in the lawsuit identified in the above caption.

4. I have received a copy of that Order and have read it.  I am familiar with its terms and conditions.  I agree to comply with and to be bound by each of the terms and conditions of that Order.  In particular, I agree to hold in confidence, in accordance with the requirements of the Order, any information and material disclosed to me pursuant to that Order.

5. I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt.  I understand fully that my breach of the Order, or any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

6. I agree (a) to notify all stenographic, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, (b) to provide them with a copy of this declaration for their signature, and (c) to obtain and keep the copy of this declaration after it has been properly signed.

7. I agree that I will not show, disseminate, or in any way communicate, orally, in writing, or otherwise, to anyone, or use or copy, for any purpose whatsoever, other than as required for the preparation and trial of this action, any Confidential Information provided to me in connection with this litigation, and I will not reveal any Confidential Information to any person who is not a "Qualified Person" as defined in paragraph 6 of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.  Executed this \_\_th day of _____, _____, at _____.

Signed: _____